UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

HOWARD FRIED,                            :

                    Plaintiff,    :     04 Civ. 8279 (LTS)(HBP)

    -against-                     :     REPORT AND
                                        RECOMMENDATION
JO ANNE B. BARNHART,              :
Commissioner of Social Security,
                                  :

                    Defendant.    :
----------------------------------X

            PITMAN, United States Magistrate Judge:


            TO THE HONORABLE LAURA T. SWAIN, United States

District Judge,


I.  Introduction


            Plaintiff, Howard Fried, brings this action

pursuant to section 205(g) of the Social Security Act, 42 U.S.C.

§ 405(g), seeking judicial review of a final decision of the

Commissioner of Social Security (the "Commissioner") finding that

plaintiff was overpaid Social Security retirement benefits in

1996.  Defendant has moved for judgment on the pleadings pursuant

to Fed.R.Civ.P. 12(c).  For the reasons set forth below, I

respectfully recommend that defendant's motion be granted.

II.  <u>Facts</u>

       Plaintiff, who was born on July 31, 1927, applied for Social Security retirement benefits on June 2, 1992 (Tr.[1] 17-19). The Social Security Administration ("SSA") approved plaintiff's application, and plaintiff began receiving early retirement benefits as of May 1992 (Tr. 80-81).

       At all relevant times, plaintiff was the sole share-holder of a corporation that consulted with apparel importers and design companies (Tr. 351).  The business, which was incorporated as Howard L. Fried Associates, Inc. in 1980, elected in 1988 to do business as a Subchapter S corporation[2] (Tr. 45).  In 1995, Howard L. Fried Associates, Inc. filed its final return and reported a loss of $322.00 (Tr. 251).  That same year, plaintiff set up a new corporation, The Howard Group, Inc. ("The Howard Group"), which was not organized as a Subchapter S Corporation (Tr. 262).  The Howard Group reported gross profits of $60,538 for the last four months of 1995.  On plaintiff's individual tax return for 1995, he reported a negative total income of $315,855

_____

       [1]"Tr." refers to the administrative transcript and record filed by the Commissioner as part of her answer, pursuant to 42 U.S.C. § 405(g).

       [2]A Subchapter S corporation is a small business corporation that does not pay corporate tax, but rather, passes its income to shareholders.  26 U.S.C. § 1366(a).

2

based on a net operating loss (Tr. 269), as well as $11,901 in net earnings from self-employment (Tr. 272).

The 1996 tax return for The Howard Group reported that plaintiff, who was the sole shareholder of the corporation, received $72,102 in ordinary income (Tr. 185).  Plaintiff's individual return for 1996 reported that he received a total of $73,273 in ordinary income (Tr. 211).

After filing the corporate and individual tax returns for 1996, plaintiff hired Richard Girasole to replace his former accountant.  Girasole registered The Howard Group as a Subchapter S Corporation (Tr. 181), and amended plaintiff's individual tax return for 1996 to report plaintiff's income as passive income (Tr. 342).

On or about September 10, 1998, the SSA informed plaintiff that he had been overpaid $3,488.40 in benefits for 1997 as a result of his earnings.[3]  The SSA further explained in its letter that if plaintiff failed to refund the overpayment within thirty days of the notice, the SSA would recoup the overpayment by withholding plaintiff's benefits beginning in

--------

[3]In 1996, an individual who had not attained the age of seventy was entitled to earn up to $12,500 per year in wages and self-employment income before the SSA would reduce his or her benefits.  In 1997, the exempt amount of earnings for individuals under seventy years old was $13,500 per year.  1997 Cost-of-Living Increase and Other Determinations, 61 FR 55346, 55349 (October 25, 1996).  See also 42 U.S.C. § 403(b)(1).

November 1998 (Tr. 101-05).[4]  Because plaintiff failed to refund the monies allegedly due, on or about October 29, 1998, the SSA advised plaintiff that it was reducing his monthly retirement benefits in order to recoup the overpayment (Tr. 161).

On or about August 13, 1999, plaintiff filed a Request for Reconsideration and argued that in 1995 and 1996, his corpo-ration had a net operating loss and did not pay him a salary.  He further argued that his 1997 earnings were below the allowable limit (Tr. 299).  On reconsideration, the SSA found that plain-tiff earned $73,902 in 1996, and therefore, was not entitled to any retirement benefits for that year, notwithstanding the fact that plaintiff amended his tax return for 1996 and the income was now characterized as passive income (Tr. 300-02).  On or about February 17, 2002, the SSA informed plaintiff that because of his earnings in 1996, the SSA overpaid him $11,153 in that year (Tr. 303).

Plaintiff contested this finding and requested a hearing before an administrative law judge ("ALJ") (Tr. 314). Following a hearing, the ALJ, Katherine C. Edgell, issued a decision dated September 28, 2003, and found that plaintiff was not truly retired in 1996 and that all of the retirement benefits

_____

[4]Because the SSA also determined that plaintiff had been underpaid $88.00 for 1998, the SSA informed plaintiff that the amount owed for overpayments received in 1997 had been reduced to $3,400.40.

4

that plaintiff received in that year constituted an overpayment (Tr. 12-14).[5]  Specifically, the ALJ found that plaintiff:

> was essentially the sole practitioner of an enterprise, and it was he who did the consulting work and netted more than $70,000 by his own efforts.  He was in fact very profitability [sic] self-employed, albeit incorporated.  The fact that his new accountant was able to legitimately use tax vehicles to his advantage does not alter the fact that he was actually doing work and was not truly retired, which was the focus of the Social Security inquiry. . . .  The [plaintiff] has never refuted the fact that he was doing consulting work throughout 1996.  Therefore, though the IRS may have allowed amended tax returns which found he was not subject to FICA tax, this does not bind the Social Security Administration to make a determination of true retirement.

(Tr. 13).

Plaintiff's request for review of the ALJ's decision was denied on August 19, 2004, making the ALJ's decision the final decision of the Commissioner (Tr. 4-6).  Plaintiff then commenced this action on October 10, 2004 (Docket Item 1).

---

[5]Although the record contains information about plaintiff's income for several years, the ALJ's determination concerned only plaintiff's earnings in 1996 (see Tr. 14).  Plaintiff's Complaint does not specify which year or years he contends his income was below the allowable limit, and the Civil Cover Sheet attached to the Complaint states only that he disagrees with the denial of his request for review of the ALJ's decision (see Complaint).  Accordingly, it appears that only plaintiff's earnings in 1996 are at issue.

III.  <u>Analysis</u>

     A.  <u>Standard of Review</u>

          The Court may set aside the final decision of the
Commissioner only if it is not supported by substantial evidence
or is based upon an erroneous legal standard.  42 U.S.C. §
405(g); <u>Veino v. Barnhart</u>, 312 F.3d 578, 586 (2d Cir. 2002); <u>Shaw
v. Chater</u>, 221 F.3d 126, 131 (2d Cir. 2000); <u>Tejada v. Apfel</u>, 167
F.3d 770, 773 (2d Cir. 1999); <u>Bubnis v. Apfel</u>, 150 F.3d 177, 181
(2d Cir. 1998); <u>Osorio v. Barnhart</u>, 04 Civ. 7515 (DLC), 2006 WL
1464193 at *5 (S.D.N.Y. May 30, 2006); <u>Selmo v. Barnhart</u>, 01 Civ.
7374 (SHS), 2002 WL 31445020 at *6 (S.D.N.Y. Oct. 31, 2002).  The
term "substantial evidence" has been defined as "'more than a
mere scintilla.  It means such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion.'"  <u>Perez
v. Chater</u>, 77 F.3d 41, 46 (2d Cir. 1996), <u>quoting</u> <u>Richardson v.
Perales</u>, 402 U.S. 389, 401 (1971); <u>accord</u> <u>Halloran v. Barnhart</u>,
362 F.3d 28, 31 (2d Cir. 2004); <u>Veino v. Barnhart</u>, <u>supra</u>, 312
F.3d at 586; <u>Tejada v. Apfel</u>, <u>supra</u>, 167 F.3d at 773-74; <u>Quinones
ex rel. Quinones v. Chater</u>, 117 F.3d 29, 33 (2d Cir. 1997); <u>Snipe
v. Barnhart</u>, 05 Civ. 10472 (LAK)(AJP), 2006 WL 2390277 at *8
(S.D.N.Y. Aug. 21, 2006)(Report & Recommendation), <u>adopted by</u>,
2006 WL 2621093 (S.D.N.Y. Sept. 12, 2006); <u>Osorio v. Barnhart</u>,
<u>supra</u>, 2006 WL 1464193 at *5.

> The reviewing court does not conduct a de novo review . . . , <u>Parker v. Harris</u>, 626 F.2d 225, 231 (2d Cir. 1980), nor may it substitute its own judgment for that of the Commissioner. <u>Jones v. Sullivan</u>, 949 F.2d 57, 59 (2d Cir. 1991); <u>Valente v. Secretary of Health and Human Servs.</u>, 733 F.2d 1037, 1041 (2d Cir. 1984). When the Commissioner's decision is not supported by substantial evidence, a reviewing court must reverse the administrative decision because "the entire thrust of judicial review under the disability benefits law is to insure a just and rational result between the government and a claimant . . . ." <u>Williams v. Bowen</u>, 859 F.2d 255, 258 (2d Cir. 1988).

<u>Lee v. Apfel</u>, CV 99-2930 (LDW), 2000 WL 356411 at *2 (E.D.N.Y. Apr. 3, 2000); <u>see</u> <u>Veino v. Barnhart</u>, <u>supra</u>, 312 F.3d at 586 ("Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner."); <u>Plante v. Apfel</u>, 98 Civ. 5658 (WHP), 2000 WL 23167 at *4 (S.D.N.Y. Jan. 12, 2000). Moreover, the Commissioner's decision must be affirmed if it is supported by substantial evidence, even if there is substantial evidence supporting plaintiff's position. <u>See</u> <u>Morillo v. Apfel</u>, 150 F. Supp.2d 540, 545 (S.D.N.Y. 2001); <u>accord</u> <u>Navan v. Astrue</u>, 06 Civ. 2757 (AKH), 2007 WL 1834830 at *6 (S.D.N.Y. June 20, 2007).

"'Reversal and entry of judgment for the claimant is appropriate only 'when the record provides persuasive proof of [entitlement to retirement benefits] and a remand for further evidentiary proceedings would serve no purpose.'" <u>Cruz ex rel. Vega v. Barnhart</u>, 04 Civ. 9794 (DLC), 2005 WL 2010152 at *8

(S.D.N.Y. Aug. 23, 2005), modified on other grounds on reconsid-
eration, 2006 WL 547681 (S.D.N.Y. Mar. 7, 2006), quoting Parker
v. Harris, 626 F.2d 225, 235 (2d Cir. 1980); accord Rivera v.
Sullivan, 923 F.2d 964, 970 (2d Cir. 1991); Babcock v. Barnhart,
412 F. Supp.2d 274, 284 (W.D.N.Y. 2006); Buonviaggio v. Barnhart,
04 Civ. 357 (JG), 2005 WL 3388606 at *5 (E.D.N.Y. Dec. 2, 2005);
Rivera v. Barnhart, 379 F. Supp.2d 599, 604 (S.D.N.Y. 2005); see
42 U.S.C. § 405(g) ("The [district] court shall have the power to
enter, upon the pleadings and transcript of the record, a judg-
ment affirming, modifying, or reversing the decision of the
Commissioner of Social Security, with or without remanding the
cause for a rehearing.").

    B.  Defendant's Motion for
       Judgment on the Pleadings

    Defendant argues in support of her motion that the
ALJ's determination that plaintiff had rendered substantial
services in self-employment and had excess earnings in 1996 was
supported by substantial evidence, citing plaintiff's amended
corporate and individual tax returns for 1996 which show that
plaintiff received more than $70,000 in income.  Although plain-
tiff amended his individual tax return to characterize his income
as "passive," defendant notes that plaintiff's amended K-1 form
stated that he engaged in "active/material participation" in The
Howard Group (see Tr. 177).  Defendant also cites plaintiff's

8

testimony at the hearing before the ALJ, during which he stated that he was the sole owner and employee of The Howard Group and that the business of The Howard Group was to consult with apparel importers and designers (Tr. 351).[6]

The fact that the IRS found no error in petitioner's characterization of his income from The Howard Group as passive income is not controlling.  There is no dispute that in 1996 The Howard Group was engaged in the consulting business and that plaintiff was its sole employee (Tr. 351).  Thus, the conclusion is inescapable that plaintiff was the individual who was doing the consulting and generating The Howard Group's income and that the remuneration he received was "self employment income" from a "trade or business."  See 42 U.S.C. § 411(b), (c).  The fact that plaintiff's remuneration can be denominated as passive income for tax purposes is of little moment; for the purpose of determining whether wages diminish retirement benefits pursuant to 42 U.S.C. § 403, it does not matter how wages are denominated or whether they are paid as a percentage of profits.  20 C.F.R. § 404.1041(b), (c) (2007).  In addition, although the statutes governing an individual's entitlement to retirement benefits adopt certain definitions from the Internal Revenue Code ("IRC")

---

[6]Specifically, during his testimony before the ALJ, when asked "And then you re-incorporated as something else but [the company] was still just you?," plaintiff responded "It was still me" (Tr. 351).

by reference, see, e.g., 42 U.S.C. § 411(a), they also expressly reject the incorporation of other provisions of the IRC.  See, e.g., 42 U.S.C. § 411(a)(4), (6), (7) and (8).  Thus, there is no basis for assuming that "passive income" for purposes of the IRC necessarily constitutes "passive income" for purposes of the Social Security Act.

Plaintiff argues in his opposition to defendant's motion to dismiss that the ALJ erred because the SSA had previously agreed with plaintiff's contention that his income in 1996 was passive (Affidavit in Opposition to the Motion for Judgment on the Pleadings, sworn to October 24, 2005 ("Fried Aff."), at 2).  In support of his argument, plaintiff offers a letter from the SSA to plaintiff dated June 23, 1998 that he allegedly discovered after the hearing before the ALJ (See Letter from the SSA to Howard Fried, dated June 23, 1998 ("6-23-98 Ltr."), annexed as an unmarked Exhibit to Fried Aff.).  In the letter, the SSA states that it determined that plaintiff had been under-paid $13,332.30 in 1996 based on the work report that plaintiff submitted, which showed that plaintiff earned no money in 1996 (6-23-98 Ltr.).

"[I]n reviewing decisions of the Commissioner, this Court cannot consider new evidence not made part of the adminis-trative record."  Madrigal v. Callahan, 96 Civ. 7558 (SAS), 1997 WL 441903 at *7 (S.D.N.Y. Aug. 6, 1997); accord Nunez v.

10

<u>Barnhart</u>, 05 Civ. 9221 (JCF), 2007 WL 313459 at *6 n.15 (S.D.N.Y.
Feb. 1, 2007); <u>Brown v. Barnhart</u>, 02 Civ. 4523, 2003 WL 1888727
at *10 (S.D.N.Y. April 15, 2003), <u>aff'd</u> <u>without</u> <u>published opin-</u>
<u>ion</u>, 85 Fed. Appx. 249 (2d Cir. 2004).

        Although a plaintiff's case can be remanded to the
Commissioner to consider new evidence presented to this Court, a
remand should be directed "only upon a showing that there is new
evidence which is material and that there is good cause for the
failure to incorporate such evidence into the record in a prior
proceeding."  42 U.S.C. § 405(g).  The Second Circuit has read
the provision to require that the claimant demonstrate that the
proffered evidence is:

> (1) "new" and not merely cumulative of what is already
> in the record, and that it is (2) material, that is,
> both relevant to the claimant's condition during the
> time period for which benefits were denied and proba-
> tive.  The concept of materiality requires, in addi-
> tion, a reasonable possibility that the new evidence
> would have influenced the Secretary to decide claim-
> ant's application differently.  Finally, claimant must
> show (3) good cause for her failure to present the
> evidence earlier.

<u>Jones v. Sullivan</u>, 949 F.2d 57, 60 (2d Cir. 1991), <u>quoting</u> <u>Tirado</u>
<u>v. Bowen</u>, 842 F.2d 595, 597 (2d Cir. 1988) (citations and inner
quotations omitted).  Because plaintiff has not offered any
evidence to explain the failure to offer the letter before the
ALJ, he does not satisfy the third factor and remand is, there-
fore, inappropriate.  Accordingly, I have not considered the June
23, 1998 letter offered by plaintiff in determining whether the

11

ALJ's decision was supported by substantial evidence and conclude that it does not provide a sufficient basis to remand this matter.

IV.  <u>Conclusion</u>

Accordingly, for the all the foregoing reasons, I respectfully recommend that defendant's motion for judgment on the pleadings be granted and that the Complaint be dismissed.

V.  <u>Objections</u>

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections. <u>See also</u> Fed. R. Civ. P. 6(a) and 6(e). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura T. Swain, United States District Judge, Room 755, 500 Pearl Street, New York, New York 10007 and to the chambers of the undersigned, Room 750, 500 Pearl Street, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Swain. **FAILURE TO OBJECT WITHIN TEN (10) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJEC-TIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.** <u>Thomas v. Arn</u>, U.S. 140 (1985); <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d

Cir. 1997); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049,

1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir.

1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir.

1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237 & n.2 (2d Cir.

1983).

Dated:   New York, New York
         August 22, 2007

                              Respectfully submitted,


                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies mailed to:

Howard Fried
1144 North Avenue
New Rochelle, New York 10804

Susan Baird, Esq.
Assistant United States Attorney
86 Chambers Street
3rd Floor
New York, New York 10007